Narragansett Laundry, Inc.
vs.
Raffaelle Mondella et al.
Eq. No. 11127.

November 13, 1931.

BLODGETT, P. J. Bill to restrain respondents from soliciting customers of complainant.

Complainant is engaged in the laundry business in Cranston. The respondent Raffaelle Mondella was employed as a driver and collector by complainant under an agreement, a copy of which is attached to the bill of complaint. This agreement was entered into in 1927.

The present complainant is the successor of the former owner of said laundry business under an assignment of said contract. In October, 1930, respondent entered the service of present complainant and continued in the same until a short time before the filing of this bill. The service terminated when respondent left the employ of complainant.

Respondent claims the business which he brought to complainant was his own and that the customers whom he served were his own, and that the laundry which he collected was delivered to complainant simply for the purpose of cleaning same and that he paid complainant a certain specified sum for each laundry so delivered; that he was paid for his services $20 a week and that he used his own truck for such collections and deliveries.

There was much contradictory testimony as to the terms and conditions under which Mondella was employed, and during the course of the trial he (Mondella) made several statements which the Court is unable to credit.

Mondella testified that he was ignorant of the change of ownership of said business in October, 1930, and that he did not understand the terms of said agreement. During the course of the trial he (Mondella) made so many contradictory statements as to facts of record that the Court believes he did know of the change in the ownership and must be held to the terms of his written agreement.

There seems no doubt in the mind of the Court that some of the customers he served were his own customers, but that he did have a list of customers of complainant.

It appears from the record that laundry customers are continually changing from one laundry to another. There is no direct testimony of record as to names and addresses of the list of direct customers of complainant. The sections named in the agreement are the "Federal Hill Section and Mount Pleasant," in which Mondella agreed not to enter into the laundry business without the written approval of the employer. Exactly what these sections are does not appear upon the record, nor does it appear what streets are covered by such general language. In other words, the language is not specific and the proof is not specific.

The prayer of the bill is that Mondella be enjoined from communicating, directly or indirectly, to any person other than complainant, information concerning its laundry business or customers, and from soliciting or receiving as the result of his solicitations, any laundry work from such customers as were customers of complainant at the time of the termination of said agreement, and were on a listed route traveled by said Mondella for complainant.

This the complainant is entitled to but such relief can not be specific until it appears what streets are to be included or what customers were customers of complainant.

As to the remaining respondents, the bill must be dismissed.

For complainant: Ralph Vicario.
For respondents: Joseph Veneziale.